**NOT FOR PUBLICATION**


**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**


Robert S Ortloff,

          Petitioner,

v.

Rodney W Chandler, et al.,

          Respondents.

No. CV-16-01910-PHX-SRB

**ORDER**

       The Court now considers Petitioner's Second Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (Sec. Am. Pet. ("SAP")) (Doc. 12). On September 28, 2018, Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R. & R.") (Doc. 107), recommending that the Petition be denied and dismissed with prejudice. On October 15, 2018, Petitioner filed his Objections. (Doc. 110, Obj. to R. & R. ("Obj.").)

**I.    BACKGROUND**

       The facts of this case were summarized in this Court's Order dated March 2, 2018. (*See* Mar. 2, 2018 Order at 7.)[1] On October 25, 2016, Petitioner filed his Petition. (*See* SAP.) On December 7, 2016, Respondents filed their Answer, limited to affirmative defenses, arguing that the Petition was not timely filed and did not relate back to the filing date of Petitioner's initial petition. (Doc. 21, 2016 Ans.) On August 18, 2017, Magistrate

---

[1] The Arizona Court of Appeals provided a more detailed summary of the facts underlying Petitioner's conviction in Maricopa County Superior Court. (*See* Doc. 3, Attach. 2, Ex. B (Apr. 5, 2011 Court of Appeals Order) at 23–28.)

Judge David K. Duncan filed a Report and Recommendation, recommending, in part, that the Petition be found timely and that Respondents be required to answer each ground in the Petition. (Doc. 33, 2017 R. & R.) On March 2, 2018, this Court overruled Respondents' objections to that Report and Recommendation and ordered Respondents to individually answer each claim of the Petition (Doc. 62, Mar. 2, 2018 Order.) On April 2, 2018, Respondents filed their second Answer, and on June 7, 2018, Petitioner filed his Reply. (Doc. 63, Ans.; Doc. 71, Reply.) On August 10, 2018, Magistrate Judge Deborah M. Fine ordered Respondents to file necessary transcripts associated with Petitioner's underlying criminal trial. (Doc. 95, Aug. 10, 2018 Order.) On August 31, 2018, Judge Fine issued an Order to Show Cause, ordering Respondents to show cause as to why Respondents' filed incomplete transcripts following the August 10, 2018 Order. (Doc. 100, Order to Show Cause.) On the same day, Respondents filed the missing transcripts. (Doc. 102, Notice of Filing Trs.) On September 5, 2018, this matter was referred to Judge Burns. (Doc. 105, Sept. 5, 2018 Order.) Judge Burns concluded that Petitioner failed to show that: (1) Grounds 1 through 26 and 28 through 30 were excused from default, and (2) the state courts' adjudication of the claims set forth in Grounds 27 and 31 through 48 entitled Petitioner to relief under § 2254(d). (*See* R. & R. at 45–46.)

## II.     LEGAL FRAMEWORK

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all portions not objected to. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For those portions of a Magistrate Judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress . . . intended to require a district judge to review a magistrate's report to which no objections are filed.").

## A. Exhaustion of Remedies & Procedural Default

A state prisoner must properly exhaust all remedies before this Court may grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). In Arizona, state prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843–45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Arizona's "established appellate review processes" consist of a direct appeal and a post-conviction relief ("PCR") proceeding. Ariz. R. Crim. P. 31, 32; *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory underlying the claim. *Baldwin v. Reese*, 541 U.S. 27, 32–33 (2004). A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989); *see also Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"). An implied procedural bar exists if a claim was not fairly presented in state court, and state court remedies are no longer available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 289–99 (1989).

A federal court may review the merits of a procedurally defaulted claim if the petitioner: (1) demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice," or (2) establishes "cause" for his noncompliance and actual prejudice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). "Cause" is something that "cannot be fairly attributable" to a petitioner, and a petitioner must establish that this "objective factor external to the defense impeded [his] efforts to comply with the [s]tate's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (citation and internal quotation marks omitted). To establish prejudice, a "petitioner must show 'not merely that

the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The "fundamental miscarriage of justice" exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). A positive assertion of actual innocence requires a showing of factual innocence with respect to the crime at issue—not mere legal insufficiency. *Jaramillo v. Stewart*, 340 F.3d 877, 882 (9th Cir. 2003). A "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Unsurprisingly, successful demonstrations are extremely rare. *Schlup*, 513 U.S. at 324; *see Shumway v. Payne*, 222 F.3d 982, 990 (9th Cir. 2000).

### B.     Ineffective Assistance of Counsel

To prevail on an ineffective assistance claim, a movant must show that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The "objective reasonableness standard" does not demand best adherence to best practices—or even adherence to common custom. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011). With respect to the second prong, a movant must affirmatively prove prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Recognizing the temptation for defendants to second-guess the efficacy of counsel's representation following an unfavorable ruling, *Strickland* mandates a strong presumption of both adequate assistance and the exercise of reasonable professional judgement on the part of

counsel. *Id.* at 690; *see Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). And although the *Strickland* test is dual-pronged, there is no requirement that a court consider either prong first. *Strickland*, 466 U.S. at 697; *see also LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (noting that courts need not look at both deficiency and prejudice if petitioner cannot establish one or the other).

Finally, a petitioner is entitled to relief only if the state court's denial of his ineffective assistance claim was "'contrary to, or involved an unreasonable application of,' *Strickland*, or it rested 'on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.'" *Porter v. McCollum*, 558 U.S. 30, 39 (2009) (quoting 28 U.S.C. § 2254(d)). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). A state court's decision is only *unreasonable* if the federal habeas court determines that no reasonable jurist could disagree that decision was inconsistent with established Supreme Court precedent. *See Harrington*, 562 U.S. at 102; *Mann v. Ryan*, 828 F.3d 1143, 1151–52 (9th Cir. 2016).

### C.    Standard of Review for 28 U.S.C. § 2254

Petitioner brings this action pursuant to 28 U.S.C. § 2254 ("§ 2254"). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is not entitled to habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established [f]ederal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." § 2254(d). "An *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410. The standard for evaluating state court rulings is highly deferential and requires that state court rulings be given the benefit of the doubt. *See Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The standard is "difficult to meet." *Harrington*, 562 U.S. at 102.

With respect to § 2254(d)(1), a court first identifies the "clearly established [f]ederal

law," if any, that governs the sufficiency of the claims on habeas review. A petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. With respect to § 2254(d)(2), a state-court decision based on a "factual determination is not unreasonable merely because the federal court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010); *see also Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004) (explaining that before a federal habeas court can determine that the state-court factfinding process was materially defective, it must be confident that no appellate court aware of the same defect would be reasonable in holding that the process was adequate), *abrogated on other grounds by Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." § 2254(e)(1). And while the Supreme Court has not delineated the precise relationship between § 2254(d)(2) and § 2254(e)(1), it has emphasized its holding in *Wood*, namely, that it is the unreasonableness of the application of the law to the facts that underpins the relationship between the two subsections. 558 U.S. at 301.

## III.    DISCUSSION

Petitioner alleges 48 grounds for relief. (*See generally* SAP.) In Grounds 1 through 30, Petitioner alleges prosecutorial misconduct. (*Id.*) With the exception of Ground 27, Judge Burns found that Grounds 1 through 30 are technically exhausted but procedurally defaulted.[2] (R. & R. at 10.) In Grounds 31 through 46, Petitioner alleges ineffective assistance of counsel. (SAP, Attach. 2 at 7–30.) In Ground 47, Petitioner alleges that cumulative error rendered his trial fundamentally unfair, and in Ground 48, Petitioner asserts actual innocence. (*Id.* at 31–32.) Petitioner exhausted Grounds 31 through 48. (R. & R. at 10.) Petitioner requests relief, including that the Court hold each of his grounds is meritorious, that his trial and PCR proceedings were fundamentally unfair, that he is

---

[2] Judge Burns found that Petitioner had exhausted for Ground 27. (R. & R. at 10.)

actually innocent, and that each conviction be reversed "with prejudice." (SAP, Attach. 2 at 33.)

### A.    Prosecutorial Misconduct

#### 1.    Ground 1

In Ground 1, Petitioner contends that "the prosecutor suborned perjury and knowingly used false testimony in [a] calculated strategy of deceit to conceal the theft of Prisoner's handwritten notes by a prison snitch, which were then used to fabricate a murder confession, in violation of the Fourteenth Amendment." (SAP at 8.) Petitioner claims that the prosecutor, who lacked physical evidence linking Petitioner to Kathleen Smith's murder, built the case around Petitioner's alleged confession to another inmate, Fredric Tokars. (*Id.* at 9–13.) Respondents contend that Petitioner failed to raise this claim on direct appeal, only raising it for the first time in his PCR and habeas petitions. (Ans. at 7–8.) In his direct appeal to the Arizona Court of Appeals, Petitioner argued that prosecutorial misconduct violated his rights to due process and a fair trial. (Ans., Attach. 1, Ex. A at 42–109.) Yet the only of mention of Mr. Tokars was in connection with claims of evidentiary ruling errors by the trial court. (*Id.* at 97–103, 106–08.) Petitioner's arguments concerned allegations that the prosecutor used "inconsistent theories and evidence" with respect to a footprint found outside Ms. Smith's condominium. (*Id.* at 43–55.) In his PCR petition, however, Petitioner asserted a prosecutorial misconduct claim alleging that the prosecutor knowingly introduced the allegedly false confession made by Petitioner to Mr. Tokars. (*Id.* at 4–5.)

In dismissing his PCR petition, the superior court referred to Petitioner's claims of prosecutorial misconduct raised on direct appeal and adjudicated by the court of appeals. (Ans., Attach. 2, Ex. C (July 5, 2013 Superior Court Order) at 4–5.) The superior court's review of the record failed to disclose the requisite "pronounced and persistent" intentional prosecutorial misconduct. (*Id.* at 49.) That court ultimately found "no abuse of discretion by the trial court in denying the motion for a new trial based on allegations of prosecutorial misconduct," and held that Petitioner was "precluded from seeking [PCR] on grounds that

were adjudicated in a prior appeal." (*Id.* (citing Ariz. R. Crim. P. 32.2(a)(2); *State v. Curtis*, 912 P.2d 1341, 1342 (Ariz. 1995)).

Rule 32 of the Arizona Rules of Criminal Procedure governs "other post-conviction relief." Rule 32.2(a)(1) precludes relief on any ground "[r]aisable on direct appeal." The Report and Recommendation found that any claim of prosecutorial misconduct not raised by Petitioner in his direct appeal when it could have been, was technically exhausted and therefore procedurally defaulted pursuant to Rule 32.2(a)(1). (R. & R. at 13.) The Court agrees.[3] Petitioner's claim is subject to an implied procedural bar because it was not fairly presented in state court and no state remedies remain available to him. *Teague*, 489 U.S. at 289–99.[4] This Court, therefore, may only review Petitioner's claim if he demonstrates either actual innocence or cause for the default and resulting prejudice. § 2254(c)(2)(B); *Schlup*, 513 U.S. at 321. Petitioner has not done so.

Despite Petitioner's exhortations in both his Objections and Reply, he has not identified an "objective factor external to the defense" that precluded his compliance with Arizona procedural rules. *Coleman*, 501 U.S. at 753 (citation and internal quotation marks omitted). Because Petitioner cannot show actual cause, there is no need to consider whether he suffered actual prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) ("Since we conclude that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice."). As to Petitioner's argument that he was unable to develop his claims due to the denial of various discovery motions, Petitioner does not proffer the requisite new, reliable evidence. *See Schlup*, 513 U.S. at 324. Instead, Petitioner merely argues that he was unable to "meaningfully develop his grounds, which included

---

[3] And, as the Report and Recommendation notes, Petitioner is time-barred under Arizona law from returning to state court to exhaust his claim. *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

[4] In his Objections, Petitioner argues that his claim is not subject to an implied procedural bar because the state appellate court improperly interpreted the language of Rule 32.6(d), which at the time of Petitioner's PCR proceeding read: "After the filing of a post-conviction relief petition, no amendments shall be permitted except by leave of court upon a showing of good cause." Ariz. R. Crim. P. 32.6(d) (1996). *See Scott v. Schriro*, 567 F.3d 573, 577 (9th Cir. 2009); *State v. Rodriguez*, 903 P.2d 639, 641 (Ariz. Ct. App. 1995); (Obj. at 4.). Petitioner's argument fails because regardless of the state appellate court's interpretation of (then) Rule 32.6(d), Petitioner does not make the requisite showing of "good cause." (*See generally* Obj. at 3–5.)

seeking expert and investigative assistance." (Reply at 4.; Obj. at 3.) Yet such a speculative argument does not create an actual innocence claim. *See Larsen v. Soto*, 742 F. 3d 1083, 1096 (9th Cir. 2013) ("[W]e have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt.").

Finally, Petitioner fails to offer anything to suggest that Rule 32.2(a) is not an adequate and independent state ground, sufficient to bar federal habeas review of claims a defendant could have but did not raise on direct appeal. And, significantly, federal courts have routinely held that Rule 32.2(a) is an adequate and independent state ground. *See, e.g.*, *Hurles v. Ryan*, 752 F.3d 768, 790 (9th Cir. 2014) ("Arizona's waiver rules are independent and adequate bases for denying relief."). Petitioner's objections to Ground 1 are overruled, and the Report and Recommendation is adopted with respect to Ground 1.

### 2. Grounds 2–4, 6–13, and 15–30.

In his Reply, Petitioner contends that Grounds 2 through 4, 6 through 13, and 15 through 30 are each similarly procedurally positioned to Ground 1.[5] (Reply at 2–3.) While Petitioner agrees with Respondents, that each of these claims was not raised on direct appeal, he argues that the claims are not procedurally defaulted because they were not adjudicated on prior appeal. As discussed above with respect to Ground 1, each of these claims is subject to an implied procedural bar, reviewable by a federal habeas court only if Petitioner can demonstrate either *Schlup* factor. 513 U.S. at 321. Petitioner advances the same objections to the Report and Recommendation's conclusions with respect to Grounds 1 through 30. (*See* Obj. at 3–5.) For the same reasons discussed above, the Court is not persuaded by Petitioner's objections to Grounds 2 through 4, 6 through 13, and 15 through 30. Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to these Grounds.

### 3. Grounds 5 & 14

In Ground 5, Petitioner contends that "the prosecution suborned perjury and

---

[5] The Report and Recommendation summarized each of the claims. (R. & R. at 14–19.)

knowingly used false testimony relating to a planned prison break in a calculated strategy to advance the Tokars-Bell Conspiracy, in violation of the Fourteenth Amendment." (SAP at 32.) In Ground 14, Petitioner asserts that "the prosecution knew from the outset that the prison snitch had overlaid Petitioner's case onto an earlier case out of Iowa as a template for fabricating a murder confession, and suborned perjury and knowingly used false testimony, to advance the duplicity, in violation of the Fourteenth Amendment." (SAP, Attach. 1 at 7.) Respondents argue that Petitioner failed to raise claims asserted under these Grounds either on direct appeal or in his PCR action. (Ans. at 9, 13.) Petitioner, however, argues that he raised both Grounds on direct appeal *and* in his PCR action. (Reply at 3.) The Court disagrees with Petitioner. On direct appeal, Petitioner argued that the prosecutor violated his due process rights by employing "inconsistent theories and evidence." (Doc. 3, Ex. 1 ("Appeal Opening Br.") at 30.) But in his PCR petition, Petitioner advances no such claims. (*See generally* Ans., Attach. 2, Ex. B.) Grounds 5 and 14, therefore, are subject to an implied procedural bar, reviewable by a federal habeas court only if Petitioner can demonstrate either *Schlup* factor. 513 U.S. at 321.

Petitioner does not assert cause and resulting prejudice to excuse procedural default, but he does assert actual innocence. (Reply at 11–16.) Yet Petitioner's actual innocence claim is not accompanied by the requisite new, reliable exculpatory evidence. Indeed, much of Petitioner's argument hinges on his desire to engage in further discovery or emphasize evidence already in the record—neither of which is sufficient to sustain an actual innocence claim. *See Bousley*, 523 U.S. at 623. Petitioner advances the same objections to the Report and Recommendation's conclusions with respect to Grounds 1 through 30. (*See* Obj. at 3–5.) For the same reasons as discussed above, the Court is not persuaded by Petitioner's objections to Grounds 5 and 14. Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to Grounds 5 and 14.

### B.    Ineffective Assistance of Counsel

In Grounds 31 through 46, Petitioner alleges various claims of ineffective assistance of counsel with respect to trial, PCR and appellate counsel(s). Respondents counter that

Petitioner has failed to establish that he is entitled to relief because he has not demonstrated that the state courts' adjudication of his ineffective assistance of counsel claims involved either an unreasonable application of federal law, or an unreasonable determination of facts pursuant to § 2254(d). (Ans. at 26–27.) Petitioner argues—with respect to Grounds 31, 33, 34, 37, 38, and 40 through 46—that "nothing in the record demonstrates or even suggests that the PCR court had entertained the claims on the merits, let alone that the *Strickland* standard had been reasonably or correctly applied." (Reply at 4.) He continues, the "AEDPA therefore does not apply and each ground must be reviewed de novo." (*Id.* at 5.) Petitioner additionally asserts that his ineffective assistance of counsel claims in Grounds 32, 35, 36, and 39 were specifically considered by the superior court in his PCR action, but that the record refutes the court's holding that Petitioner's representation was not ineffective under *Strickland*. (*Id.* at 5–6.) Petitioner contends that AEDPA does not apply to this set of Grounds, and that the Court must review them de novo. (*Id.*)

The superior court ultimately found that Petitioner's ineffective assistance of counsel claims were "entirely speculative" and failed to meet either prong of *Strickland* or the requirements of Rule 32.5. (July 5, 2013 Superior Court Order at 4–5.) The court dismissed the petition with respect to Petitioner's ineffective assistance of counsel claims pursuant to Rule 32.6(c), concluding that the claims were not colorable, would be disposed of on the merits, and that there was no need for an evidentiary hearing. (*Id.*) The court of appeals affirmed. (Doc. 3, Attach. 4, Ex. I ("06/25/2015 Ariz. Ct. App. Decision") at 39.) That court concluded that the superior court "thoroughly addressed and correctly resolved [Petitioner's] claims," and adopted the superior court's ruling. (*Id.*)

Petitioner asserts that Grounds 31, 33, 34, 37, 38 and 40 through 46 were raised in his PCR petition, "which incorporated by reference the correlating fact-sharing claims of prosecutorial misconduct." (Reply at 4.) Petitioner urges that he established both prongs of *Strickland*, and that the record fails to support a conclusion that the PCR court considered these claims on their merits, or "reasonably or correctly applied" *Strickland*. (*Id.*) Petitioner also disagrees with that court's assessment of Grounds 32, 35, 36, and 39, and argues that

the claims were not speculative or inadequately supported. (*Id.* at 5.) Petitioner concludes that because his ineffective assistance of counsel claims were either not adjudicated on the merits, or their adjudication was based on an unreasonable determination of the facts or an unreasonable application of *Strickland*, the AEDPA standard does not apply and this Court must review claims de novo. (*Id.* at 4–5.)

By its own language, § 2254(d) "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)"; and, importantly, "[t]here is no text in the statute requiring a statement of reasons." *Harrington*, 562 U.S. at 98. Even "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." (*Id.*) The Court concludes that each of Petitioner's ineffective assistance of counsel claims was adjudicated on the merits in his state PCR action and is subject to review pursuant to § 2254(d). (*See* R. & R. at 23.)

### 1.    Ground 31

In Ground 31, Petitioner alleges numerous failures on the part of trial counsel, including failure to object to certain testimony from Lisa (Pickett) Steedman regarding her identification of Petitioner, and failure to object to the prosecutor's misstatements "made to bolster the impression of a positive identification by" Ms. Steedman. (SAP, Attach. 2 at 8–10.) The Report and Recommendation thoroughly details Petitioner's claims in Ground 31. (R. & R. at 24–25.) The Report and Recommendation also details the various actions that Petitioner's counsel took to challenge Ms. Steedman's testimony. (*Id.*) Pursuant to § 2254(a), and as explained in *Strickland*, this Court can only grant relief if Petitioner demonstrates prejudice stemming from the adjudication of a claim on the merits in state court that either "(1) was contrary to, or involved an unreasonable application of clearly established federal law, or (2) based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings." *Strickland*, 446 U.S. at 687; *Andriano v. Ryan*, No. CV-16-01559-PHX-SRB, 2018 WL 4148865, at *2 (D. Ariz. Aug. 30, 2018) (citing § 2254(d)). The superior court found Petitioner's ineffective assistance of

counsel claims inadequate, and the court of appeals denied relief on his petition for review. (July 5, 2013 Superior Court Order at 4–5; June 25, 2015 Ariz. Ct. App. Decision at 39–40.) The Court agrees.

The Ninth Circuit has clarified that "'it adhere[s] to the position that skillful cross examination of eyewitnesses, coupled with appeals to the experience and common sense of jurors, will sufficiently alert jurors to specific conditions that render a particular eyewitness identification unreliable.'" *Howard v. Clark*, 608 F.3d 563, 574 (9th Cir. 2010) (quoting *United States v. Christophe*, 833 F.2d 1296, 1300 (9th Cir. 1987)). Petitioner's counsel repeatedly highlighted the inconsistencies within the testimonies of Ms. Steedman and other relevant witnesses. (*See, e.g.*, Doc. 96, Attach. 36 at 5 (explaining the inconsistencies in Ms. Steedman's testimony about the shoeprint made in the flowerbed of the Ms. Smith's condominium).) The Court agrees with the Report and Recommendation, that counsel's representation with respect to Ground 31 cannot be characterized as constitutionally ineffective, and the state courts' decisions with respect to Ground 31 did not present either an unreasonable application of federal law or an unreasonable application of the facts of this case. (R. & R. at 26.)

Petitioner argues that the "record demonstrates that Grounds 31–46 establish both prongs of *Strickland*," and the "PCR court's rejection of each claim was contrary to, and an unreasonable application of *Strickland*, and [] based on unreasonable factual determinations." (Obj. at 5.) With respect to Ground 31, Petitioner states that "[f]ailure to file [an] identification suppression will, with a demonstration of prejudice, constitute" an ineffective assistance of counsel claim. (*Id.* at 6.) Petitioner, however, does not demonstrate prejudice—which by his own admission is required to constitute an ineffective assistance of counsel claim. Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to Ground 31.

### 2. Grounds 32–38

In Grounds 32 through 38, Petitioner argues that trial counsel failed to retain particular experts. (*See generally* SAP, Attach. 2 at 11–19.) The Report and

Recommendation thoroughly details Petitioner's claims in Grounds 32 through 38. (*See* R. & R. at 26–28.) The superior court previously held that Petitioner's ineffective assistance of counsel claims concerning expert witness retention were unsupported and failed to meet either prong of *Strickland*. (07/05/2013 Superior Court Order at 4–5.) The court concluded that "[o]ther than his own speculations, [Petitioner] provides no support for these claims. He presents no affidavits from experts stating what their testimony would have been, nor any citations to authority showing that an expert could present the evidence he proposes." (*Id.* at 5.) The Court agrees.

The Ninth Circuit has rejected comparable claims of ineffective assistance of counsel, emphasizing that under habeas review, claims that merely speculate what a putative expert would say at trial cannot establish prejudice. *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001); *see also Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (rejecting claim of ineffective assistance of counsel for failure to call witness based upon lack of affidavit from witness regarding substance of testimony). In his Objections, Petitioner does not address the issue of speculative testimony. He does not present affidavits from experts explaining what their testimony would have been, nor does he cite to any relevant authority stating that an expert could even present the evidence he believes was necessary to support his defense. (*See generally* Obj. at 6–7.) Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to Grounds 32 through 38.

### 3. Ground 39

In Ground 39, Petitioner contends that trial counsel failed to "prepare his legal expert to effectively challenge the legal concepts raised by the prosecution, in violation of the Sixth Amendment." (SAP, Attach. 2 at 19–20.) The Report and Recommendation thoroughly details Petitioner's claims in Ground 39. (R. & R. at 29–30.) The Court agrees with both the superior court and the Report and Recommendation, that with respect to Ground 39, Petitioner's ineffective assistance of counsel claim fails. (*See* July 5, 2013 Superior Court Order at 4–5; R. & R. at 30.) Petitioner does not demonstrate that his legal

expert would have been able to testify on subjects that Petitioner maintains would have supported his defense. And, more importantly, Petitioner fails to show how such testimony would have supported his defense. Petitioner attempts to add color to his claim, arguing that counsel should have asked the expert to "explain that the [Department of Justice] is a 'deal cutting machine.'" (Obj. at 7.) However, as in *Wildman*, such speculation "is insufficient to establish prejudice." 261 F.3d at 839. Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to Ground 39.

### 4.    Grounds 40 & 41

In Ground 40, Petitioner contends that trial counsel failed to "conduct a reasonable investigation, then interview and call witnesses, in violation of the Sixth Amendment." (SAP, Attach. 2 at 20.) Petitioner alleges that counsel failed to call an extensive list of witnesses whose testimony would have challenged evidence presented by the prosecution. (*See id.* at 20–23.)

To establish prejudice from counsel's failure to call a witness to testify, a petitioner must identify the particular witness, confirm that the witness was willing to testify, explain what the witness's testimony would have been, and demonstrate that the testimony would have been sufficient to create a reasonable doubt as to the petitioner's guilt. *See United States v. Murray*, 751 F.2d 1528, 1535 (9th Cir. 1985); *United States v. Harden*, 846 F.2d 1229, 1231–32 (9th Cir. 1988); *United States v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987); *Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir. 1990); *see also Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) (noting that criticism of trial strategy is insufficient to support a charge of inadequate representation).

Although Petitioner offers cursory descriptions of testimony that he imagines some of the identified individuals would have offered at trial, such descriptions are inadequate. (*See, e.g.*, SAP, Attach. 2 at 22 ("(7) Defense counsel failed to interview and call Tempe Fire Inspector Allen Haberle, whose taped interview with John Lyon demonstrated the development of Judy (Schibler) Viani as a Smith informant.").) A petitioner must provide sufficient evidence concerning a putative witness's favorable

testimony in the form of *actual* testimony by the witness or an affidavit. *See Dows*, 211 F.3d at 486–87 (emphasis added). Here, Petitioner makes no such effort. For example, in lieu of naming a specific witness, Petitioner often names a title or position, or, in some instances, names specific witnesses who would not have been willing to testify, such as former Senator John McCain. (*See* SAP, Attach. 2 at 22–23.)

Petitioner has not shown that the state court's rejection of his claims in Ground 40 was contrary to, or an unreasonable application of *Strickland*. § 2254(d). This Court agrees with both the superior court, as well as the Report and Recommendation, that with respect to Ground 40, Petitioner's ineffective assistance of counsel claim fails. (*See* 07/05/2013 Superior Court Order at 5; R. & R. at 31–32.) Petitioner's objections are overruled,[6] and the Report and Recommendation is adopted with respect to Ground 40.

In Ground 41, Petitioner contends that trial counsel failed "to conduct a reasonable investigation and produce evidence, in violation of the Sixth Amendment." (SAP, Attach. 2 at 24.) The Report and Recommendation succinctly details counsel's alleged failures. (*See* R. & R. at 31.) With respect to defective investigations, to establish prejudice under *Strickland*, the key inquiry is whether the "noninvestigated evidence was powerful enough to establish a probability that a reasonable attorney would decide to present it and a probability that such presentation might undermine the jury verdict." *Mickey v. Ayers*, 606 F.3d 1223, 1236–37 (9th Cir. 2010) (citing *Wiggins v. Smith*, 539 U.S. 510, 535 (2003)). To establish prejudice based on counsel's failure to investigate or call a potential defense witness, there must be evidence that the investigation would have uncovered significant or beneficial information. *See Dows*, 211 F.3d at 486–87. Here, the evidence that Petitioner asserts in support of Ground 41 is merely speculative. Petitioner does not establish that such evidence exists, does not identify witnesses who could vouch for such evidence, and abruptly concludes that such evidence (if it even exists) would have been

---

[6] In his Objections, Petitioner does not address the crux of the Report and Recommendation's conclusion—that Petitioner must not only identify specific witnesses by name, but demonstrate willingness to testify on their part, offer sample testimony, and show that such testimony would have created reasonable doubt as to Petitioner's guilt. (*See generally* Obj. at 8.)

beneficial. (SAP, Attach. 2 at 24.)

Petitioner has not shown that the state court's rejection of his claims in Ground 41 was contrary to, or an unreasonable application of *Strickland*. § 2254(d). This Court agrees with both the superior court, as well as the Report and Recommendation, that with respect to Ground 41, Petitioner's ineffective assistance of counsel claim fails. (*See* July 5, 2013 Superior Court Order at 5; R. & R. at 32.) Petitioner's objections—which are limited to a few lines and fail to rectify the speculative nature of his claims—are overruled, and the Report and Recommendation is adopted with respect to Ground 41. (*See* Obj. at 8.)

### 5. Grounds 42 & 43

In Ground 42, Petitioner contends that trial counsel failed to "object to acts of misconduct committed by the prosecution, and to testimony or statements at the time each had been given, in violation of the Sixth Amendment." (SAP, Attach. 2 at 25.) Petitioner isolates counsel's failure to object to the prosecutor's alleged: (1) violation of the pretrial order "to keep out the nature of [Petitioner's] federal conviction in Texas"; and (2) "improper closing remarks." (*Id.* at 25–26.) The Report and Recommendation details the trial court's efforts to restrict testimony concerning Petitioner's federal conviction in Texas, as well as the jury instructions given by the trial court just before closing arguments that explained how the jury should use evidence that Petitioner had been in federal custody on an unrelated offense. (*See* R. & R. at 32–33.) The Report and Recommendation also explains counsel's efforts to counter any improper statements made by the prosecutor during closing argument. (*See id.* at 33.)

Because a federal habeas court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," the Court concludes that counsel's decision to refrain from objection during closing argument was not unreasonable. *Strickland*, 466 U.S. at 689; *see United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir. 1991). The Court agrees with the Report and Recommendation's assessment of counsel's performance; namely, that counsel took several steps to

effectively counter the statements at issue. (*See* R. & R. at 33.) Petitioner has not shown that the state court's rejection of his claims in Ground 42 was contrary to, or an unreasonable application of *Strickland*. § 2254(d). Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to Ground 42. (*See* Obj. at 8.)

In Ground 43, Petitioner contends that trial counsel failed to "object to error committed by the trial court, in violation of the Sixth Amendment." (SAP, Attach. 2 at 26.) Petitioner highlights two errors: (1) the trial court allowed the prosecutor to elicit testimony concerning Petitioner's federal conviction in Texas; and (2) the trial court used jury instructions "that, in context, enabled [the prosecutor] and created [] false impression[s]" that Mr. Tokars, a disbarred attorney and former judge convicted of murdering his wife, multiple drug offenses, racketeering, and money laundering, had offered expert testimony. (*Id.* at 26–27.)

For the same reasons set forth above addressing Petitioner's claims in Ground 42, the record does not permit this Court to conclude that counsel committed errors depriving Petitioner of his right to a fair trial. *Strickland*, 466 U.S. at 687. The record does not support Petitioner's assertion that the standard jury instruction employed by the trial court resulted in any sort of false impression of expert testimony. (*See* R. & R. at 34.) Petitioner has not shown that the state court's rejection of his claims in Ground 43 was contrary to, or an unreasonable application of *Strickland*. § 2254(d). Petitioner's objections are overruled,[7] and the Report and Recommendation is adopted with respect to Ground 43. (*See* Obj. at 8.)

### 6.    Ground 44

In Ground 44, Petitioner contends that trial counsel "labored under a conflict of interest, in violation of the Sixth Amendment." (SAP, Attach. 2 at 27.) Petitioner details

---

[7] In *United States v. McKoy*, the case quoted by Petitioner in his Objections, the witness-prosecutor was testifying before the jury in his professional capacity. 771 F.2d 1207, 1209–13 (9th Cir. 1985); (Obj. at 8). Here, Mr. Tokars was not testifying in his (former) professional capacity; therefore, the danger of the jury misconstruing his testimony as expert testimony was far less pronounced.

three alleged conflicts of interest, all of which, as the Report and Recommendation rightfully concludes, are more akin to questions concerning trial strategy.[8] (*See* R. & R. at 35.) Because the Sixth Amendment guarantees only reasonable competence, and not "perfect advocacy judged with the benefit of hindsight," the Court concludes that counsel did not employ an unreasonable trial strategy. *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003); (*see* R. & R. at 35–36). Petitioner's two-month-long trial was complex—and its complexity was only amplified by the passage of more than twenty years between the murder and Petitioner's trial. (*See generally* Doc. 96, Attach. 13; Doc. 96, Attach. 37.) Petitioner has not shown that the state court's rejection of his claims in Ground 44 was contrary to, or an unreasonable application of *Strickland*. § 2254(d). Petitioner's objections are overruled,[9] and the Report and Recommendation is adopted with respect to Ground 44. (*See* Obj. at 9.)

### 7. Ground 45

In Ground 45, Petitioner contends that trial counsel "rendered constitutionally deficient representation in [PCR proceedings], in violation of the Sixth Amendment." (SAP, Attach. 2 at 28.) Petitioner argues that in his motion for a new trial, counsel improperly "focused narrowly on a few issues which had been an affront to his own advocacy[.]" (*Id.* at 29.) Petitioner, however, fails to demonstrate how these allegations establish: (1) constitutional deficiency on the part of counsel; and (2) how the alleged deficiencies prejudiced him. Furthermore, Petitioner has not shown that the state court's rejection of his claims in Ground 45 was contrary to, or an unreasonable application of *Strickland*. § 2254(d). Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to Ground 45. (*See* Obj. at 9.)

### 8. Ground 46

In Ground 46, Petitioner contends that "appellate counsel rendered constitutionally

---

[8] The Report and Recommendation details Petitioner's claim. (*See* R. & R. at 35.)
[9] Petitioner argues that "the R&R itself shows that [the trial strategy] was not sound, but devastatingly prejudicial." (Obj. at 9.) Merely stating that that the Report and Recommendation contradicts the record—without detailed and persuasive citation to the record—is not an effective manner of objection.

ineffective representation, in violation of the Sixth Amendment." (SAP, Attach. 2 at 30.) The Report and Recommendation succinctly details Petitioner's claim. (*See* R. & R. at 36.) Under *Strickland*, a petitioner is required to demonstrate that counsel's performance was both objectively deficient and prejudicial. 466 U.S. at 687. Petitioner argues that the PCR court did not consider this claim on the merits, and that the claim must be reviewed de novo. (Reply at 4–5.) The Court, however, agrees with the Report and Recommendation, that Petitioner neglects to mention that the PCR court held that *all* of Petitioner's ineffective assistance of counsel claims failed to satisfy either prong of *Strickland*. (R. & R. at 36–37.) Petitioner has not shown that the state court's rejection of his claims in Ground 46 was contrary to, or an unreasonable application of *Strickland*. § 2254(d). Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to Ground 46. (*See* Obj. at 9.)

### 9.   Ground 47

In Ground 47, Petitioner contends that the cumulative effect of the errors committed by the prosecution, trial counsel, and trial court gave rise "to a due process violation that rendered [his] trial fundamentally unfair." (SAP, Attach. 2 at 31.) Neither the superior court nor the court of appeals specifically addressed Petitioner's cumulative ineffective assistance of counsel claim. However, "[w]here a state court's decision is unaccompanied by an explanation, the petitioner's burden must still be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

"Under traditional due process principles, cumulative error warrants habeas relief only where the errors have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Such an infection occurs where the errors—which might be individually harmless—combine to render a criminal defense far less effective than it might otherwise have been, and the resulting conviction violates due process. *See Chambers v. Mississippi*, 410 U.S. 284, 294, 302–03 (1973);

*Parle*, 505 F.3d at 927. No such infection occurred here. Petitioner fails to demonstrate that state court was unreasonable to deny relief, or demonstrate how the asserted trial errors, taken together, support a conclusion of cumulative prejudice. *Davis v. Woodward*, 384 F.3d 628, 654 (9th Cir. 2004). Petitioner further fails to demonstrate that the court of appeals' disposition of this claim entitles him to relief under § 2254(d). The Report and Recommendation is adopted with respect to Ground 47.[10]

### 10.    Ground 48

In Ground 48, Petitioner contends that he can "make a colorable showing of actual innocence and demonstrate that his conviction and sentence constitute a fundamental miscarriage of justice." (SAP, Attach. 2 at 32.) Petitioner argues that if this Court looks at the totality of the evidence—both old and new—the Court will arrive at a single conclusion: that no reasonable juror would have found him guilty beyond a reasonable doubt. (Reply at 11.) Petitioner highlights four allegations: (1) Petitioner never confessed to Mr. Tokars, and Mr. Tokars's testimony concerning the confession was "wildly fictionalized" and the result of a "confession-trolling scheme" aimed at securing cooperation agreements for Mr. Tokars and other inmates; (2) Mr. Tokars colluded with Ms. Smith's family to develop a fictitious confession; (3) the prosecutor in Petitioner's case served as an "invaluable source of material information" for Mr. Tokars; and (4) the identification of Petitioner introduced at trial was unreliable, and the shoeprint evidence left at the scene by the real killer exonerates Petitioner. (*Id.* at 11–15.)

The standard for establishing a freestanding claim of actual innocence is "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417 (1993).[11] At a minimum, the Ninth Circuit has held that a petitioner must "go beyond demonstrating doubt about his guilt, and [] affirmatively prove that he is probably innocent." *Carriger v. Stewart*,

---

[10] Petitioner's Objections do not address the Report and Recommendation's conclusion with respect to Ground 47. (*See generally* Obj. at 9.)

[11] The Ninth Circuit has assumed, without deciding, that freestanding actual innocence claims would exist in both capital and non-capital cases. *See, e.g.*, *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although we have assumed that such a claim is viable.").

132 F.3d 463, 476 (9th Cir. 1997) (citing *Herrera*, 506 U.S. at 442–44). Although the precise standard for a showing of actual innocence remains unarticulated, the Ninth Circuit has discussed the standard as consonant with the showing required under *Schlup*, which permits a petitioner to proceed on a procedurally barred claim by showing actual innocence. *Jones*, 763 F.3d at 1247. To surpass the *Schlup* gateway, a petitioner must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 332).

Assuming Petitioner's freestanding innocence claim is cognizable in these proceedings, the Court finds that Petitioner has not met the "extraordinarily high" burden. Petitioner's claim relies on the supposition—a supposition that permeates nearly all of his Petition—that he has been denied the opportunity to develop exonerating evidence in a trial marred by prosecutorial misconduct. (SAP, Attach. 2 at 32.) Petitioner declares that a "careful review of the entire record, and all of the evidence and claims assessed collectively" has yet to occur. (Obj. at 9.) Yet Petitioner cannot circumvent the fact that the standard requires new, reliable evidence that materially contradicts the evidence presented at trial. *See Swan v. Peterson*, 6 F.3d 1372, 1384 (9th Cir. 1993) (reiterating that newly discovered evidence is a ground for federal habeas relief where it would likely result in an acquittal). And that new, reliable evidence must be presently available. *See Herrera*, 506 U.S. at 442–44.[12] Conspicuously, here, Petitioner offers no such evidence. Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to Ground 48.

### C.    Ground 27: Prosecutorial Misconduct Regarding Shoeprint Evidence

As the Report and Recommendation correctly notes, Petitioner exhausted this single claim of prosecutorial misconduct. (R. & R. at 39.) According to Petitioner, the

---

[12] In *Herrera*, the Supreme Court stated that although a "prisoner raising an actual-innocence claim . . . is not entitled to discovery as a matter of right," a "district court retains discretion to order discovery [] when it would help the court make a reliable determination with respect to the prisoner's claim." 506 U.S.S at 444 (citing *Harris v. Nelson*, 394 U.S. 286, 295, 299–300 (1969)). No such inquiry is needed here.

prosecutor "developed a diabolic plan" after "shoeprints eliminated [Petitioner] as the killer." (SAP, Attach. 1 at 55; *see generally id.* at 55–59.) Petitioner raised this claim on direct appeal. (Appeal Opening Br. at 37–55.) Relying on *DeChristoforo*, the court of appeals rejected Petitioner's claim.[13] *See* 416 U.S. at 643 (asking whether prosecutorial misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process"); (Apr. 5, 2011 Court of Appeals Order). That court concluded that the record did not support Petitioner's arguments that the prosecutor had applied an inconsistent theory of guilt and had knowingly used perjured testimony to obtain Petitioner's conviction. (*See id.* at 29–33). The Court agrees. Petitioner's argument—both in his Petition and Objections—focuses on his need for a more complete trial record; his argument does not, as required, utilize new, reliable evidence. (*See, e.g.*, Obj. at 10 ("[W]ithout the complete trial record, the R&R merits review is fundamentally flawed and contrary to the evidence, issues and arguments.").) The Court agrees with the Report and Recommendation, that Petitioner fails to demonstrate that he is entitled to relief, because he fails to show that the court of appeals' decision was contrary to, or an unreasonable application of federal law, or based on an unreasonable determination of the facts as presented in that proceeding. (R. & R. at 43.) Petitioner's objections are overruled, and the Report and Recommendation is adopted with respect to Ground 27.

### D. Pending Motions

Several of Petitioner's motions remain pending. The Report and Recommendation lists and discusses each pending motion alongside the applicable rules where relevant. (*See generally* R. & R. at 43–45.) This Court agrees with the Report and Recommendation's conclusions with respect to each pending motion. (*Id.*) Accordingly, Petitioner's Motion for Order Directing State to Produce Transcript Volume is denied as moot. (Doc. 98.) The Court denies Petitioner's various motions for discovery, production, and expert witnesses involving claims encompassed in Grounds 1 through 26, and 28 through 30, because Petitioner fails to demonstrate good cause (as the underlying claims

---

[13] The Report and Recommendation provides a detailed excerpt of the court of appeals' discussion of Petitioner's claim. (*See* R. & R. at 40–42.)

are defaulted). (Docs. 72; 77-1; 78–80; 88–94; 97.) Petitioner has not provided the Court with reason to conclude that if any of the abovementioned motions are granted, and the facts fully developed, he will be "able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). The Report and Recommendation is adopted with respect to Petitioner's motions in Document Numbers 72, 77-1, 78 through 80, 88 through 94, and 97.

## IV.  CONCLUSION

Having reviewed the record de novo, the Court adopts the Report and Recommendation. With respect to the claims set forth in Grounds 1 through 48, Petitioner is not entitled to relief under § 2254(d).

**IT IS ORDERED** overruling the Objections to the Magistrate Judge's Report and Recommendation (Doc. 110).

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 107).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice Petitioner's Second Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254(d) (Doc. 12).

**IT IS FURTHER ORDERED** denying as moot Petitioner's Motion for Order Directing State to Produce Transcript Volume (Doc. 98).

**IT IS FURTHER ORDERED** denying the following of Petitioner's Motions: Second Motion for Services of a Forensic Podiatrist; Second Motion to Conduct Discovery with the Office of the United States Attorney for the District Of Arizona; Second Motion for the Services of a Questioned Document Examiner; Second Motion to Conduct Discovery with the Federal Bureau of Prisons; Second Motion for Services of an Investigator to Conduct Discovery; Third Motion for the Services of a Medical Expert to Evaluate the Evidentiary Record; Third Motion for Order that Ineffective Assistance Claims Related to Legal Expert Can Be Addressed without an Independent Expert, or in the alternative, Motion for the Services Of A Legal Expert; Second Motion For Services

of a Memory Expert; Second Motion for the Services of a Scene Reconstruction Expert to Produce Demonstrative Evidence; Second Motion for Services of a Photography Expert; Motion to Conduct Discovery with the Maricopa County Sheriff's Office; Second Motion to Conduct Discovery with the Criminal Division, Executive Office for United States Attorneys, Drug Enforcement Administration, and Federal Bureau of Investigation; and Motion for Order Directing the State to Unseal Attorney Work Product and Produce the Material (Docs. 72; 77-1; 78–80; 88–94, 97).

**IT IS FURTHER ORDERED** denying any Certificate of Appealability because Petitioner has not demonstrated that jurists of reason would find it debatable whether the Court abused its discretion in denying Petitioner's Petition, or that jurists of reason would find it debatable whether Petitioner's Petition states a valid claim for the denial of a constitutional right.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment in favor of Respondent and against Petitioner.

Dated this 22nd day of January, 2019.

Susan R. Bolton
United States District Judge